UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEROY GARCIA HARLEY,

    Plaintiff,

v.        Case No. 8: 08-cv-1827-T-17EAJ

Defense Attorney LAYON ROBINSON, II,

    Defendant.

## O R D E R

    The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendant Robinson pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that the statute of limitations has run on Plaintiff's claim.

    Harley alleges that on May 10, 1990, he was tried in the Circuit Court for the Twelfth Judicial Circuit, Manatee County, Florida and that the Defendant, Layon Robinson was ineffective in defending him. Harley alleges that Defendant Robinson violated Harley's Fourteenth and Eighth Amendment rights to be free from cruel and unusual punishment "under the United States Constitution," and also violated his Sixth Amendment right to effective assistance of counsel.

    Plaintiff seeks $30 million dollars in damages and release from his illegal detention.

Discussion

Because Plaintiff's claims accrued in 1990, they are barred by the expiration of the statute of limitations. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." <u>Clark v. State of Georgia Pardons and Paroles Board</u>, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (citation omitted). The United States Supreme Court interprets the dictates of section 1988 as requiring in all section 1983 actions the application of the state limitations statute governing personal injury claims. <u>Wilson v. Garcia</u>, 471 U.S. 261, 276-79 (1985); <u>Mullinax v. McElhenney</u>, 817 F.2d 711, 716 n.2 (11th Cir. 1987). Thus, under <u>Wilson</u>, the proper limitations period for all section 1983 actions in Florida is the four-year limitations period set forth in Fla. Stat. § 95.11(3).

Accordingly, the Court orders:

That Harley's complaint is dismissed, with prejudice. The Clerk is directed to enter judgment against Harley, to terminate all motions, and to close this case.

ORDERED at Tampa, Florida, on September 26, 2008.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Leroy  Garcia
Harley